BROWN, J., dissenting, in which WALKER, J., concurs. *Page 484 
This action was begun against the Southern Railroad Company for the sum of $14 and interest from 23 May, 1916, under Revisal 2632, for failure to transport and deliver within a reasonable time a shipment of yarns from Weldon, N.C. to Burlington, N.C. Judgment was rendered by the justice against the Southern Railway Company for $14, and it appealed. When the case was called in the Superior Court the court ordered that the Atlantic Coast Line Railroad Company be made a codefendant, and an alias summons (450) was issued accordingly, which was duly served. The attorneys for that company entered a general appearance at January Term, 1917. After the filing of the complaint, the counsel for said company moved to dismiss, 2 March, 1917, on the ground that the Superior Court of Alamance had no jurisdiction.
At May Term, 1917, the court refused to dismiss the action as to the Atlantic Coast Line Railroad Company, to which it excepted, and submitted the issues to the jury, which found that there was a failure by both companies to transport said shipment of yarns in a reasonable time, and that the plaintiff recover of the Southern Railway Company the sum of $3 and of the Atlantic Coast Line Railroad Company $13. The court rendered judgment accordingly and directed the costs to be divided equally between the two defendants. The Atlantic Coast Line Railroad appealed.
The sole question presented is as to the power of the court to amend by making the Atlantic Coast Line Railroad Company a party defendant, when the sum sought to be recovered is less than $200.
The action was properly pending on appeal in the Superior Court. The Atlantic Coast Line Railroad Company was made party defendant and summons duly served. Said defendant entered a general appearance in the action and took no exception.
There was but one contract of carriage in this case, i. e., to transport the goods safely and in a reasonable time from Weldon to Burlington, and to that contract both these defendants were parties, acting through the agent at Weldon. It was very proper that both railroads should be made party to this action, for Revisal 2632, prescribes as a penalty $10 for the first day's delay (where the shipment is less than a car-load) and $1 per day for each succeeding day. It *Page 485 
must be determined, therefore, whether the first day's delay was on the Atlantic Coast Line or on the North Carolina Railroad, in the same action, since in separate actions the plaintiff might get the $10 assessed twice, or not at all, which could not occur when both carriers are made parties.
The action being regularly in the Superior Court on appeal, there is nothing that forbids additional parties being made, in order to have a full determination of the whole controversy, though less than $200 may be recovered against such additional parties. This often happens, especially in actions in the nature of a creditor's bill, but it is not restricted to such cases. It is not necessary to bring the second action in a justice's court and then consolidate on appeal. This might be impracticable, especially in cases where the additional party resides in another county. (451)
Revisal 507, does not require that to "add or strike out the name of any party" such party must be necessary. It is left to the discretion of the judge, who can, if the party proves unnecessary, subsequently strike out the name or exempt him from payment of costs.
It is evident by the verdict in this case that the Atlantic Coast Line Railroad Company had unreasonably delayed this shipment in its transit from Weldon to Selma four days, and that the Southern Railway Company had unreasonably delayed the shipment three days. Instead of splitting the matter up into two actions, the court properly made the Atlantic Coast Line Railroad a party defendant and disposed of the whole cause in one action. It would have been a useless consumption of public time, and a great addition of costs, both to the plaintiff and defendants, to go over the same evidence in two different trials. The unreasonable delay in the transit of the goods between Weldon and Burlington, and the apportionment of the number of days of such unreasonable delay, could be better made by uniting both companies in this action, as they were united in the contract and in the transportation.
Under the Carmack Amendment, when it is an interstate shipment the plaintiff can recover against the initial carrier if he so elect. There are numerous cases in our courts where the action has been brought against the last carrier, leaving it to recover against its predecessors in the course of transportation for their share of the recovery. Mills Co. v. R. R.,119 N.C. 693. Most of these cases were for damages for injuries sustained in transit. But the principle is the same, and where goods have passed over two or more lines in transit, and a penalty for unreasonable delay is to be assessed, it is proper that both lines should be made parties defendant for the apportionment of the delay. The presumption of liability, when unreasonable *Page 486 
delay is shown, lies against each of the carriers in whose possession the goods are shown to have been in the course of transportation; and the burden of proof is upon each to rebut such presumption of negligence as to itself. Furniture Co. v. Express Co., 144 N.C. 639.
This is not a question of jurisdiction, but merely of the discretionary power of the court to amend by making an additional party defendant. Both these defendants were parties to the contract sued on, to transport the goods safely, without unreasonable delay. While they might have been sued separately at the will of the plaintiff, the court properly had the other defendant brought in. It was not necessary to remand the cause to the justice of the peace, that he should make the additional party, thus necessitating another appeal.
There is no other assignment of error, and in this we find (452) the judge acted within his authority, as conferred by Revisal 507.
No error.